UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTA D. LYALL,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.

Case No. C15-1818RSL

ORDER

This matter comes before the Court on plaintiff Marta Lyall's "Motion to Voluntarily Dismiss without Prejudice." Dkt. # 36. Federal Civil Rule 41 provides that a plaintiff may voluntarily dismiss an action without prejudice and without a court order if the parties have entered into a stipulation to that effect or if the opposing party has not yet filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). Defendant, the Federal Bureau of Investigation (FBI), has already filed an answer to Ms. Lyall's complaint and has not stipulated to a dismissal without prejudice. Indeed, the FBI has a motion to dismiss with prejudice pending before the Court. Dkt. # 29.

The Court would otherwise be inclined to resolve the FBI's motion along with Ms. Lyall's instant motion, but the latter raises a number of allegations that call into question the Court's ability to rule impartially. In particular, Ms. Lyall asserts "there is little chance the court would be able to be unbiased regarding this case, and the Plaintiff's argument would be

ORDER - 1

useless." Dkt. # 36 at 3. Ms. Lyall seeks to have the claim dismissed without prejudice, among other reasons, "so that [she] can pursue her rights in this case at a later date, with a different Judge who is not friends with parties who oppose the Plaintiff's film project." Id. Ms. Lyall essentially seeks a recusal and that this matter's pending issues be resolved by a different judge. The Court is therefore compelled to address the question of its own ability to rule in this case before resolving the case's pending issues.

Federal law provides that if a party sufficiently alleges a judge "has a personal bias or prejudice either against [that party] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. In addition, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. § 455. A judge must recuse himself if a reasonable person would believe he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). A litigant may not, however, use the recusal process to remove a judge based on adverse rulings in the pending case—that is, the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The Court finds nothing in Ms. Lyall's motion or the record suggesting the Court's impartiality can reasonably be questioned in this matter. There being no evidence of bias or prejudice, the undersigned declines to recuse himself. Before the Court can proceed to resolution of this matter's pending issues, however, LCR 3(f) requires that the matter be referred for review. The Clerk of Court is accordingly directed to refer this motion to Chief Judge Ricardo S. Martinez for review.

DATED this 13th day of November, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 2