UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>    Respondent. | CASE NO. C15-1818RSL<br><br>ORDER ON REVIEW OF<br>REFUSAL TO RECUSE |

This matter comes before the Court on Petitioner's motion for voluntary dismissal, which included allegations that the Honorable Robert S. Lasnik, Senior United States District Judge, could not be impartial in presiding over the matter. Dkts. #36 and #39. Out of an abundance of caution, Judge Lasnik reviewed the motion as one including a request to recuse himself. Judge Lasnik declined to recuse himself, and stated that he was inclined not to dismiss the action and resolve a pending motion on the merits. Dkt. #39. In accordance with the Local Rules of this District, Petitioner's motion then was referred to the Undersigned for a review of Judge Lasnik's Order. LCR 3(e).

Petitioner filed her Complaint on December 2, 2015. Dkt. #6. In that Complaint she names the Federal Bureau of Investigation as the Defendant, and alleges that she is a documentary filmmaker working on an investigative documentary about Carl L. Harp, a public figure who was

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

apparently murdered in prison in 1981. Dkt. #6 at ¶ 4. She asserts that she is completing the investigative project which was started by her father prior to his death in 1975. Dkt. #6 at ¶ 4. Petitioner appears to believe that Mr. Harp was involved in undercover operations for the federal government, and that her father died under suspicious circumstances after investigating Mr. Harp's life story. *Id.* at ¶¶ 6-34. As part of her own continuing project, she has apparently made several requests to Defendant under the federal Freedom of Information Act ("FOIA") for documents related to Mr. Harp and her father, which have gone unanswered. *Id.* at ¶¶ 35-47. As a result, she has brought this action for violations of FOIA. *Id.* at ¶¶ 48-53.

Since filing the Complaint, this matter has proceeded through litigation for nearly two years. Defendant filed an Answer to the Complaint, followed by a Motion to Dismiss which is currently pending. Dkts. #12 and #29. Petitioner initially requested an extension of time to respond to the motion, but then filed her own motion for voluntary dismissal, which is the subject of this Order. Dkt. #36. In that motion, Petitioner stated as follows:

> 1.
>
> At the Status conference the court stated that the defendant's attorney was above reproach, merely because of his job title and the courts [sic] familiarity with him. The court also stated the Petitioner was not above reproach because of her position on the Harp case, which showed she had "different thinking" than the "rest of us".
>
> 2.
>
> The court stated it was supportive and had a history of familiarity or friendship with Mark Ericks, who was the initial arresting officer in the Harp case.
>
> . . .
>
> 4.
>
> . . .

> For the reasons above, the Petitioner feels there is little chance the court would be able to be unbiased regarding this case, and the Petitioner's argument would be useless. The Petitioner was also too intimidated by the courts statements to her during the status conference to feel confident enough to pursue her rights. The Petitioner's capacity to pursue her rights were further hindered by her fall.
>
> For these reasons the Petitioner asks the court to dismiss the case without prejudice, so that the Petitioner can pursue her rights in this case at a later date, with a different Judge who is not friends with parties who oppose the Petitioner's film project on Carl Harp, her father's work, (which questioned Harp's investigation), and her whistle-blowing complaint at Carnegie Mellon University, when she was a professor and had an interaction with the FBI.

Dkt. #36.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial

  that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

  Petitioner cites no evidence in support of her allegation that Judge Lasnik cannot be impartial in this matter. She merely asserts that his alleged "friendship" with defense counsel and a defense witness somehow makes him hostile toward her. While she states that she was "intimidated" during a status conference, she provides no specifics. This is insufficient to demonstrate bias on the part of Judge Lasnik.

  Accordingly, the Court finds no evidence upon which to reasonably question Judge Lasnik's impartiality and, to the extent that she seeks his recusal from her case through her motion for voluntary dismissal, AFFIRMS his denial of Petitioner's request that he recuse himself.

  The Clerk SHALL provide copies of this order to Judge Lasnik, Petitioner and to all counsel of record.

  DATED this 15 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE