UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Defendant. | Case No. C15-1818RSL<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on defendant's motion to dismiss, Dkt. # 29, and plaintiff's motion for voluntary dismissal, Dkt. # 36. Having reviewed the motions, the parties' filings, and the remainder of the record, the Court finds as follows:

Plaintiff Marta Lyall filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking records from the Federal Bureau of Investigation (FBI). Dkt. # 6. For the requests that yielded results, the FBI proceeded toward producing responsive records. Lyall requested that the FBI expedite her request, and filed this suit when the FBI declined. Dkt. # 31 ¶¶ 10–13. Under the Court's guidance, the FBI released hundreds of pages of documents, Dkt. # 31 ¶¶ 16–20, and asserts it has completed production of all responsive records, see Dkt. # 26.

The FBI filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. # 29. Plaintiff failed to respond, and instead filed her own motion to voluntarily dismiss the action. Dkt. # 36. The FBI's motion asserts the Court lacks subject matter jurisdiction because Lyall failed to exhaust administrative remedies. The Ninth Circuit recently clarified that "any failure to exhaust [a FOIA claim] does not bear on the district court's subject matter jurisdiction."

ORDER OF DISMISSAL - 1

Yagman v. Pompeo, 868 F.3d 1075, 1084 (9th Cir. 2017). The Court accordingly concludes that Lyall's failure to exhaust does not deprive the Court of jurisdiction.

For her part, Lyall moves to voluntarily dismiss this action. Dkt. # 36. Under Federal Civil Rule 41, a party may voluntarily dismiss an action, but if, as here, a defendant has filed an answer, the action may only be dismissed by order of the Court. Fed. R. Civ. P. 41(a)(2). Whether to dismiss an action under Rule 41(a)(2), and under what conditions, is committed to the Court's discretion, In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996), and the Court has flexibility to fashion a ruling that fits the circumstances, see Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1168 (9th Cir. 2016).

The Court concludes that Lyall's action should be dismissed without prejudice. The FBI's motion to dismiss does not ask the Court to reach the underlying merits. The FBI has no counterclaims that would be prejudiced. The FBI expresses concern that a dismissal without prejudice risks simply avoiding an adverse ruling or allowing Lyall to shop for a friendlier forum. Dkt. # 38 at 4. The Court's ruling on the FBI's motion obviates the first concern. As for the latter concern, the Court will dismiss the action on the condition that should Lyall file a subsequent federal case arising from the same set of operative facts, the parties must designate it a "related case," and the new action will be assigned to this Court. The Court is mindful that some of Lyall's reasons are tenuous, but she simply does not appear committed to prosecuting this action and the FBI's production of records may well have mooted her claims in any future case. See Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002) ("[T]he production of all nonexempt material, however belatedly, moots FOIA claims." (marks and citation omitted)).

For the foregoing reasons, the Court concludes that dismissal without prejudice is warranted. Defendant's motion to dismiss for lack of subject matter jurisdiction, Dkt. # 29, is DENIED. Plaintiff's motion to voluntarily dismiss this action, Dkt. # 36, is GRANTED. Should plaintiff file another federal case arising from the same set of operative facts, the parties shall designate it as a "related case," and the new action will be assigned to this Court. The Clerk is hereby ORDERED to dismiss the case without prejudice.

1     DATED this 16th day of May, 2018.

*signature*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 3